Let's see, this is 4-14-0807 Lewis, Yockey and Brown v. Oasis, LLC. Let's see, Attorney Marvel is here on behalf of the appellant. Yes, Your Honor. Okay. And Attorney Hanuska? Hanuska. Hanuska, sorry. Attorney Hanuska is here on behalf of the appellant. All right, Mr. Marvel, you ready to proceed? I am. Okay, you may do so. Court, counsel. Counsel. We're here today on the appeal filed in the underlying case regarding a reversal of, or actually the underlying, regarding Judge Lawrence's granting the motion to vacate the default judgment and judgment order entered in this case. And we seek to reinstate the judgment order and reinstate the motion to default. At the time that we initially filed this cause of action, there was some, maybe a split among the appellate court regarding the standard of review to be applied when considering a motion to vacate. And the Supreme Court, I believe on May 21st, resolved this by issuing the Warren County Soil and Conservation District v. Stephen Walters case. And primarily in that case, the trial court felt that it was confined to establishing criteria regarding due diligence as it was pronounced in the heirloom Supreme Court case where it lays out the three factors, those factors being the existence of a meritorious defense, the diligence in bringing forth the meritorious defense, and then also diligence in filing the motion to vacate. The court denied the motion to vacate in that instance. The appellate court upheld, and then the Supreme Court decided that the assessment of the factual basis relating to the motion to vacate, that is the three factors as put forth in heirloom, those are to be reviewed on a visa discretion standard. And then if there are any legal issues or equitable issues, those would be determined de novo by the appellate court. I believe that in this instance, each of the factors are required to be met and we're under a... How do we know? How do we know, Your Honor? July 31st, 2014 hearing on the motion to vacate, we got nothing. We don't know what the judge asked. We don't know what was said. We don't know who testified, if anyone. We don't know the judge's thinking. This is a matter of whether to vacate the full judgment to address the judge's sound discretion. You're looking at a panel composed of a lot of veteran, former trial judges. We understand that the trial judges have a much better sense of the case and what's going on in the case than do we on the appellate court. You're asking us to reverse Judge Lawrence. We don't know what happened. We don't know how things were presented to him. We don't know what he thought. How are we supposed to reverse him? Your Honor, at the hearing, one, there was no notice that there was going to be any evidence presented since there were competing affidavits. There were affidavits filed with each of the motions. The affidavit essentially filed by... Well, why does that matter? Even if he didn't know, there's a specific provision in the Supreme Court for a bystander's record. If there was no recording, nothing else, something could have been done, and it doesn't make any difference whether he knew evidence was going to be presented or not. Maybe that's a matter which was discussed by Judge Lawrence as well. The issue of the bystander's report is certainly something that was considered at the time, and at the time there was nothing presented during the course of the examination, which was merely Mercer Turner recitating the facts associated with his affidavit. So there was no new testimony presented. How do we know that? You're telling me that now. How do I know that? Right. And how do I know what Judge Lawrence thought significant? Judge Lawrence's order doesn't indicate what his reasoning was at the time. Did he say anything at the time he ruled? No. How do we know that? Right. Counsel, the point being, you're asking us as a court of review to reverse a trial judge, and you haven't provided us the record of the proceedings below, and we're supposed to presume that everything happened just hunky-dory to support the trial judge's ruling in the absence of a record, aren't we? I believe that the cases that have been cited for the proposition that a bystander's report is necessary to be filed can be distinguished. One of the first cases with respect to the marriage. Why should we be inclined to distinguish them? Why shouldn't we just say this is pretty good rule and we should expect that we're going to be provided with the record? Well, I think within each of the cases, and certainly if the court feels that a supplement of the record would help this court in making the decision, I will be moving the court to supplement the record so I can obtain a certification from Judge Lawrence indicating that all of the matters or the only matters that were addressed at the hearing were those issues raised in Mercer Turner's affidavit.  The bystander's report from the established case law would only be used, I couldn't use it as anything that would help put my case forth. It could be a bystander's report that could be used against me. We cited case law regarding the futility of trying to obtain an agreed statement of facts, and in this instance, this litigation had been pending for essentially four months, or four years, with Mercer Turner and the defense doing essentially nothing to push this case forward. So at the time I deemed, it was determined that the record was complete, because we had a record for almost four years of detailed court documents. We also had the docket sheet indicating all of the hearing dates, who was present, what was filed, when it was filed, and how it was filed. There wasn't anything else outside of what was contained in the record at this point, that is the affidavits and the record that was complete at the time the trial court considered all of these matters. The cases cited are omitting significant documents, financial documents, or in one case a jurisdictional issue related to a summons. We have a body of work over years where there was nothing done to facilitate or push this case forward. But to the extent that the court feels that a bystander's report authored by me of a narrative indicating that the sum and substance of the testimony provided by Mercer Turner at the hearing was in fact contained in the affidavit, I certainly will be moving this court to ask for supplementation of the record. I also note that the attorney, one of the partners, Dan O'Day for counsel, was the person who asked Mercer Turner the questions on whether or not he received the documents. Nowhere in their brief does it lay out anything specific that was said at the hearing that would obtain justification for vacating pursuant to the heirloom factors. If in fact at the time the motion was filed, it was filed under 1301, which contemplates that the judgment occurred within 30 days of the filing of the motion. At no time was it ever amended. The defendant relies upon the 1301 motion and then through the course of the appeal now that they've tried to push the 1301 into complying with the 1401 requirement and the heirloom standards or the three-prong analysis in heirloom, when in fact there was very little, there was no evidence as it relates to a meritorious defense other than an assertion that he filed a motion for summary judgment. If the court can consider the facts of this case, which are well laid out in the brief, there was a hearing on October 18, 2013, at which time the motion for summary judgment was pending. Based upon the difficulties that we've been having in trying to get somebody to respond, the court set the motion for summary judgment hearing of defense on December 20, 2013. Between that time, plaintiff's counsel filed an appropriate response and also crossed motion for summary judgment. We appear at the hearing on December 20. Defense counsel is not present. The court at that time denied their motion for summary judgment and granted the motion for default that had been pending. Since October 18, 2013, through the time that he filed the motion to vacate on May 9, 2014, the attorney for the defense does nothing in this case to try to vacate this default judgment or otherwise participate in the litigation, which is consistent with how the history of this case has been developed ever since the complaint was filed back in 2011. From the time frame when the complaint was filed, attorney for the defendant filed a motion to dismiss but never noticed it. So trying to get the case moving, I filed notices of the defendant's own motion to dismiss three times to try to get the case off the mark. During this time frame where we're going through trying to get the motion to dismiss heard and up through the time frame that summary judgment was denied for the defendant, Judge Lawrence had ordered the attorney for the defendant to answer the complaint. He also ordered the attorney for the defendant to answer discovery. During the time frame once he filed the motion for summary judgment sometime in October of 2013, I moved to compel discovery because I wanted to try to establish what the facts are that he was relying upon. Combine that with the fact that there wasn't any answer filed, I had nothing to try to determine what the basis of the motion for summary judgment was on. The court granted my motion and ordered him to comply with discovery within seven days. He fails to comply with the discovery at that point, and then we move to the December 20th hearing. Thereafter, I file a motion for judgment order on January 30th, 2014, filed it, and I noticed it for hearing on February 11th, 2014. At that hearing, I was kind of shocked that he wasn't at the hearing. There was a hearing on February 11th where the judgment order was entered. I then wait 30, 45 days to initiate supplemental proceedings to obtain collection of the matter. I filed a third-party citation against the bank of the defendant. The bank notified me that they had retained two times the amount of our judgment, it was $130,000, so $267,000 to be turned over. We're in the process of preparing a motion for turnover, and then on May 19th, 2014, the defendant files a motion to vacate under Section 1301. The court then later grants the motion, and that is what has put us to this point. The court in Warren County talked about the fact that the appellate court can consider, and the trial court can consider equitable circumstances under de novo standard review to the extent that the case warrants them. In this matter, there's nothing that would warrant kind of the relaxation of the due diligence requirements in heirloom because, as we stated in the marriage of Harnock v. Fanaday case, there are no exceptional circumstances that existed to relax those standards. So when the attorney's conduct is the reason for the delay, the courts have held that that's not a basis to relax the due diligence requirements. In this case, there's nothing kind of outside or exigent that would suggest that there's the imposition of equity when trying to determine whether or not we should vacate this motion to dismiss. When, in fact, when we go through the heirloom factors, there's nothing that would support the three prongs, any one of the three prongs, let alone each of them. So I think that the court abused its discretion, one, because I don't believe the reasonable person can look at the history of this case and the record to determine whether or not there was due diligence, either in the identification of a meritorious defense, since there was no facts put in the brief to support this contention. There was a contention that there was a motion for summary judgment filed, but there was nothing in the record to indicate what the defense actually was. The clerk of this court contacted you some time ago and called to your attention the possibility of using an agreed statement of facts or bystanders report, if appropriate. Did the clerk do that? My understanding is the clerk did. And you did nothing in response? Again, we felt that it was going to be futile to try to establish an agreed statement of facts, because over the conduct of this litigation, we have not been able to receive any type of meaningful communication with the attorney for the defense. That was Mr. Turner, right? Yes. Mr. O'Day was present at the hearing on July 31, 2014, and handled most of that. Wasn't that correct? No, that's not correct. At the hearing, Mr. O'Day was only essentially asked questions. He questioned Mr. Turner, and then after the motion to vacate was granted, then he filed his appearance and Turner withdrew? Yes. Any reason to think that since Turner O'Day is now the lawyer who continued as of July 14, since O'Day was present on that date, July 31, 2014, that you would have had no cooperation in trying to comply with preparation of a bystander's record? Since Mr. O'Day's involvement, we have had a couple of communications regarding potential settlement of this case. Well, settlement is different. That's correct. The question is, does they come up with it? And I must say, I thought the clerk was extraordinarily kind and generous in pointing this out to you, and there's no obligation to do that. Certainly so. Again, I felt that the record at the time was complete. I also felt that 323C was permissive in the fact that a bystander's report may be prepared. Certainly at this point, a bystander's report, if it can be established, I would seek a motion to accept it. It's a little late, counsel. This is in practice court proceedings. I'm aware of that. I do believe that there's been occasions where this appellate court has granted leave to supplement the record to clarify an underlying court order. The documentary shows Mr. Turner is sworn and examined by Mr. O'Day. And that was the testimony before Judge Lawrence, who you're asking us to reverse. Right. I think that that testimony at the time was consistent with the affidavit which was performed or which was supplied, which essentially he didn't receive those documents that he listed in the affidavit. I believe also, even with the record issue, I believe that the court could consider equitable standards as it relates in the favor of the plaintiff. In this case, we've had to expend over almost four years of litigation, costs associated with this matter, and now the defense is essentially wanting to say, okay, we're going to have to do this again. Okay, now we're involved. Let's really litigate this case. Unfortunately, my client has had to bear the opportunity cost of not having the judgment amount that we have and the value of the services which were performed. In addition, they've had to incur the attorney's fees associated with presenting this case. Primarily, a lot of those additional fees are as a result of the fact that I've been trying to move this case to a point where we can actually get to issue as opposed to continuing on in this flat spin cycle of nothing taking place despite court orders, despite my insistence. And I believe also that the record does not contain anywhere that there was ever an amendment to their motion to vacate to conform with 1401 or even address any of the factors contained in heirloom. Their motion sounded in substantial justice, and there was no argument at that time regarding any of the factors. So again, I believe that the case law would establish that a misapplication of the law is an abuse of discretion to the extent that the counsel failed to put forth the motion under 1401 and the appropriate Supreme Court standards. Thank you. Thank you, Counsel. Mr. Hanuska. Hello, Your Honors. Daniel Hanuska on behalf of the defendant. May it please the Court, Counsel, Counsel. Your Honors, it's elementary in appellate practice that the appellant bears the burden to produce a sufficient record for the Court's review. The Fourth District has stated previously that any doubts that arise from an insufficient record are to be resolved against the appellant. And the Court has stated this in the case of In Re Marriage of Donovan, Fourth District 2005 case. Now, a sufficient record must include an actual recording of the purported errors at issue. The Reviewing Court cannot review that which has not been recorded. And we're not going to take the appellant's word for it that there were errors at the trial court level. Now, the Fourth District is also very clear that where there is an evidentiary ruling, an evidentiary ruling made pursuant to an evidentiary hearing, one in which testimony is presented and evidence is weighed, that the Reviewing Court has no basis to conclude the trial court committed an abuse of discretion. And the Fourth District has stated this in the case of In Re of Hayden, another Fourth District case from 2005. Now, the Fourth District has also stated previously that in the absence of any transcripts where the issue on appeal stems from an evidentiary hearing, that the Reviewing Court is to presume that the trial court's decision was based in sufficient facts and that the trial court properly applied the law to those facts. What about the fact that the petition to vacate was filed pursuant to 213.01? My understanding is that it was a 14.01, Your Honor. And my understanding is that that's what was argued as well. Well, counsel says, and I believe the records would reflect, that someone filed a 213.01 petition five months after the entry of judgment. It may have been argued as a 214.01, but counsel says the petition was never amended. Well, if I can turn the Court's attention to the record on C-167, it states there that the defendant filed a motion, a petition, pursuant to 14.01. It says it in the heading. Is that the actual petition? That's my understanding, yes, Your Honor. And it's at the record at what page? C-167. So what we have here at the trial court level is an evidentiary hearing. And there's an evidentiary ruling made by the trial court. He granted the petition to vacate. At the hearing and the petition to vacate, there was testimony presented. Mr. Turner, who is the defendant's former attorney, testified at that hearing. Mr. O'Day, who is one of the defendant's current attorneys, examined Mr. Turner on direct. And the plaintiff had an opportunity to cross-examine. Now, we can presume that at the trial court level, Mr. Turner was consistent with his affidavit that he attached. But by no means is that affidavit an exhaustive explanation of what he was going to testify at the hearing. It's not verbatim as far as his testimony. Yes, right, Your Honor. And I think that we have to, because there's no transcripts showing what went on at the hearing, we're to presume that there was sufficient evidence brought from Mr. Turner, testified in whatever other evidence he may have brought at that hearing to support his petition. Now, it's not like the plaintiff did not have an opportunity to secure or perfect its record. Again, the plaintiff could have asked for a court reporter at that hearing. Perhaps there was one not available, but he certainly could have asked to continue the hearing. Also, the plaintiff could have acted pursuant to Supreme Court Rule 323C, which is the Bystanders Report Rule. And as far as I know, my firm and I was not contacted whatsoever to come to any sort of agreed facts as to what the trial court heard. I don't even think the trial court was contacted to maybe be an arbiter as to what the trial court was deciding. Now, the court already explained this earlier about the letter that was given from the district, the 4th District Circuit Clerk. And yes, that's on page C232, that the plaintiff was given a letter saying that there was no bystanders report and there was no reporter proceedings, and it did advise the plaintiff to include that in the record. But again, I was not contacted about any agreed set of facts or any kind of stipulation on that matter. And so I think that on that basis alone, the court doesn't need to get into the elements or the nitty-gritty of what, you know, whether there was a meritorious defense or due diligence was exercised. I think even on the record that we do have, that it's clear that the trial court did not abuse his discretion. And that brings me to the standard of review in this case. I believe that the proper standard of review is abuse of discretion. On page 6 of the plaintiff's brief, the plaintiff states that he was, that the plaintiff was unable to find any 4th District appellate court case that addressed the applicable standard of review. Well, the defendant found that case. It's recited on page 16 of our brief. It's Cunningham v. Miller's General Insurance Company. And in that case, the 4th District stated that in petitions to vacate, we apply an abuse of discretion standard where there's an evidentiary hearing. Now, an abuse of discretion occurs when there's no reasonable person that could take the position adopted by the trial court. And I think that based on the record that we do have before us, that no reasonable person could have taken a position different than what the trial court did. And the 4th District announced in the case of Manning v. Mayer that the purpose of a 1401 is to bring to the trial court's attention information that if it had at the time it granted the default, it would not have granted it to begin with. And I think that just based off of the affidavit, again, I'm not saying Mr. Turner testified exactly what was on the affidavit. I think there was a lot more, but we just don't know. But just based on that, even if that's true, what's in the affidavit, and obviously the trial court must have found most of it true, if not all of it, we can see that the trial court would never have entered an order granting a default order, a default judgment, if the trial court was aware that the other side did not have notice of that hearing or did not even receive a copy of the motion for default. Now, there's other things that Mr. Turner did not receive, such as the motion for sanctions. But I don't think that the court really needs to get into all those other things that are contained in the affidavit, unless it's continuing on its analysis as to whether there was a meritorious defense or due diligence. But again, I don't believe that's necessary for this court. To get that far. Now, again, the purpose of a 1401 is to bring the attention to the trial court's attention, information that if it had at the time it entered the order, it would not have entered the order. And I think if the trial court knew anyone, it would have known that the other side did not have a notice of a motion for default. They would not have entered the order. And so I think the very purpose of 1401 was satisfied, just given the facts in the affidavit. And I think that we can presume, because the record is insufficient, and to go any further would be complete speculation on my part, you know, I wasn't there. But I think we can safely say that the trial court presumably trusted Mr. Turner's testimony. He was able to weigh the credibility of Mr. Turner. He believed him. The last time I checked, the trial courts don't grant motions to vacate based on testimony that they think someone's lying to them. I don't think that's how it works. And so based on that, I would ask that the court not reverse the trial court's order. And that's all I have to say about that, if the court has any questions. I don't see any. Thank you, counsel. Okay. Thank you, Your Honors. All right. Mr. Marble? Mr. Marble, could you address the issue about the 213-01 versus the 214-01? No, no. My understanding of the record is that the motion filed was a 1301 that argued substantial justice. There's nothing in the motion that addressed any of the Supreme Court factors as stated in Aram. So there is nothing presented in the motion. How is it entitled? That, Your Honor, I don't believe – I don't know. I don't have that information at my fingertips at the moment. I do know that there was nothing addressed in the motion. There was nothing in the motion that supported – even if it was a 1401 title, it would only have been entitled only. There was no facts that would support the Aram factors regarding the due diligence component of the case. Counsel makes reference to the fact that Dan O'Day was present and asked Mr. Turner the questions at the time frame. And in their record, they admit that the scope of the testimony was what was contained in the affidavit. There's nothing in their brief that indicates any statement by Dan O'Day regarding any of the other factors that were addressed, the Aram factors that were addressed at this hearing, this evidentiary hearing, that it's presumed everything was actually discussed. Dan O'Day was there. He's in defense. He's in their firm. He certainly wouldn't have to go under necessarily the presumption because he would actually know what was said or what was not said at that hearing. There's nothing in their brief that suggests that Dan O'Day added anything or put in anything that says this was addressed in the brief and because it's not in the bystander's report, it can't be considered. Dan O'Day was there. The testimony, as indicated, was consistent with that of the affidavit. There were some statements in the brief regarding the discovery sanction motion and the fact that I didn't send notice of the motion to Mr. Turner. That was my practice at the point. I think I didn't intend to send notice. I filed the motion to have it pending to see if I could get some compliance without actually sending it for notice. So that necessarily wasn't an oversight on my part. That was just my practice at the moment because I wanted to see if I could get some compliance by Mercer for the discovery so I could do something with the motion for summary judgment that he had filed. Defense counsel fails to address any of the diligence requirements that is required in this case. I mean, we keep coming back to the diligence and it's clear that the motion to vacate five months after the default was entered, four months after he received the judgment order, the motion and the argument and the notice, the court record indicates in the judgment order that all parties received notice. There's nothing that can refute that. In addition, there's a variety of arguments that are in our brief that aren't addressed by defense that are otherwise waived. As I've indicated before, I don't believe that any reasonable person could otherwise come up with the conclusion that Judge Lawrence could vacate this without an abuse of discretion. I believe that there's a misapplication of the law relating to 1301 and the error factors. To the extent that the court does believe that a bystander's report is required, certainly I would ask this court to disdain issuance of the ruling on this matter and ask the court or move to supplement the record to provide a narrative bystander's report which would merely indicate that the sum and substance of the testimony at that time was contained in the affidavit. Thank you. Thank you, counsel. We'll take this matter under advisement and be in recess.